IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 10-cv-208-RBJ-KLM

COLORADO TRUST FOR PROTECTION & BENEFITS,
RAYMOND McCARTY,
SANDRA McCARTY

      Plaintiffs,

v.

SOUDER, MILLER & ASSOCIATES, INC.,
(A New Mexico corporation).

      Defendant.

---

ORDER

---

This matter comes before the Court on Souder, Miller & Associates, Inc.'s ("SMA") Motion for Summary Judgment (#49). SMA seeks summary judgment on remaining Counts I, V, and VI of the Plaintiff's Amended Complaint (#23).

**Facts**

Plaintiffs Raymond and Sandra McCarty and Colorado Trust for Protection & Benefits ("McCartys") own two parcels of property in Montezuma County, Colorado. Plaintiff's Amended Complaint, #23, ¶1 of General Allegations. SMA entered the McCartys property "ostensibly for the purpose of testing the Plaintiffs' property for historic use as a site for purveyance of petroleum products." *Id.* at ¶¶2-3. The McCartys allege that SMA represented to them that SMA was authorized to probe for possible sources of toxic substances by state authorities. *Id.* However, the McCartys allege that SMA drilled subterranean holes in the McCartys' property "knowing that one of their clients had spilled amounts of benzene, and its

derivatives, on the surface of the Plaintiff's property, and that the contaminants had penetrated (discharged) into the Plaintiffs' soil, into underground aquifers, which comprise Waters of the United States." *Id.* at ¶4.  According to the McCartys, SMA did not disclose their knowledge of the toxic material. *Id.*  Further, the McCartys allege that SMA did not obtain the required permits to drill into subterranean aquifers. *Id.*  As a result of SMA's actions, the McCartys allege that there is an ongoing discharge of contaminants.

The McCartys brought several claims against SMA arising out of this incident:  (1) Violation of the Clean Water Act, 33 U.S.C. § 1301, *et seq.*; (2) Bad faith breach of contract; (3) Breach of Implied Covenant of Good Faith and Fair Dealing; (4) Anticipatory Repudiation of Contract; (5) Trespass; (6) Nuisance; (7) Negligence and Strict Liability. *Id.* at 5-16.  On July 21, 2011, Judge Miller dismissed Counts II, III, IV, and VII without prejudice (Docket #48). This case was reassigned on September 26, 2011.

**Standard**

The Court may grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party has the burden to show that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  The nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324.  A fact is material "if under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The Court will examine the factual record and make reasonable inferences therefrom in the light

most favorable to the party opposing summary judgment. *Concrete Works of Colorado, Inc. v. City and County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994).

**Conclusions**

Count I: Violation of the Clean Water Act, 33 U.S.C. §1365

In Count I, the McCartys bring a citizen suit claim pursuant to Section 505 of the Federal Water Pollution Control Act, better known as the Clean Water Act ("CWA"). The McCartys allege that SMA discharged contaminants into the waters of the United States without a National Pollution Discharge Permit ("NPDES"). As a result, the McCartys claim $1,750,000 in damages. SMA argues that summary judgment should be granted in its favor on Count I for seven reasons: (1) There has been no discharge of pollutants or contaminants; (2) There has been no discharge to the waters of the United States; (3) The McCartys cannot meet there burden of proof; (4) Any violation of the CWA is "wholly past"; (5) The McCartys have asserted a CWA claim for an improper purpose; (6) The McCartys have asserted a CWA claim for an improper purpose; and (7) The McCartys' CWA claim is barred by §1365(c)(3). SMA contends that any of these reasons alone is sufficient to support summary judgment in SMA's favor.

In order to establish a violation of the CWA, the McCartys must prove that SMA (1) discharged; (2) a pollutant; (3) into navigable waters; (4) from a point source; and (5) without a permit. *Sierra Club v. El Paso Gold Mines, Inc.*, 421 F.3d 1133, 1135 (10th Cir. 2005). Under the CWA, a "discharge of a pollutant" is "any addition of any pollutant to navigable waters from any point source." *Id.* In their first two arguments in favor of summary judgment, SMA contends that because there has been no discharge into the waters of the United States, the McCartys cannot make out a violation of CWA. SMA contends that their monitoring wells penetrated zones of existing contaminants, but did not discharge any new or additional

3

pollutants. SMA argues that the McCartys have not provided sufficient evidence to demonstrate that SMA's monitoring holes caused contaminants to migrate into uncontaminated groundwater.

In support of their argument, SMA cites to their expert's report. SMA's expert, Richard Trenholme, concluded that "the drilling of boreholes by SMA did not and could not affect the concentrations of petroleum hydrocarbons." Exhibit A-2, p. 9, ¶2. Further, Mr. Trenholme found that the "distribution of contaminants has not changed over the time SMA conducted site activities." *Id.* at ¶6. Mr. Trenholme stated that he did not "review any materials that suggest any source of the contamination other than the ASTs." *Id.* at ¶2. The contaminants found at the site are "typically found in petroleum products stored in ASTs." *Id.* at ¶3. SMA argues that for the McCartys theory to be correct they must show "that the monitoring wells allowed pollutants to either migrate from shallow zones of contamination into lower zones of uncontaminated groundwater, or that the monitoring wells allowed deeper contaminated groundwater to migrate into uncontaminated shallow zones" (#49, p. 7). SMA argues that the McCartys have presented no evidence to support this theory.

Further, SMA maintains that the groundwater on the McCartys property is not connected to waters of the United States. Because isolated groundwater is not regulated under the CWA, SMA's actions cannot, by law, amount to a CWA violation. Mr. Trenholme also speaks to this issue in his report: "It is my opinion that the contamination has not affected any waters of the U.S., as defined in 40 Code of Federal Regulations 230.3(s)." Exhibit A-2, ¶7. Mr. Trenholme further stated that "[b]ased on site observations conducted from the U.S. 60 right of way, the pond did not have a connection to a traditional navigable water, and would not be considered by the U.S. Army Corps of Engineers as a water of the U.S." *Id.* at p.13, ¶3.

In their response, the McCartys do not directly address SMA's charges as to their lack of evidence. Instead the McCartys present two photographs, taken by SMA, that they purport to be "smoking guns." However, the Court fails to see how these photographs show that SMA caused the commingling of contaminants with the waters of the United States, or even how the photographs show that there was any discharge at all.

In fact, the McCartys' response does not cite to any evidence in the record with regard to this issue. The only evidence put forth by the McCartys is in the form of deposition testimony taken from Clinton Allen. However, using Mr. Allen's deposition testimony is problematic. Mr. Allen is a professional engineer whom SMA designated as a non-expert witness in the final pre-trial order (#65). He has not been designated as an expert. According to the Scheduling Order (#16) the deadline to disclose expert testimony was May 2, 2011, with rebuttal expert disclosures by June 1, 2011. The McCartys' disclosures, submitted on May 31, 2011, do not contain any of Mr. Allen's opinions, evidence used to form his opinions, or a report.

In short, the McCartys have not disclosed *any* expert witnesses. *Id.* The McCartys maintain that Mr. Allen will testify as to the "admissions made by Defendant's expert witnesses" and "from first-hand knowledge and experience, will testify to the lack of foundation for the testimony of Defendant's witnesses" and "to the injury to the Plaintiffs." *Id.* at 5. It is unclear on what basis Mr. Allen claims to have personal knowledge of this. However, in his deposition Mr. Allen is asked to interpret data and SMA's reports, clearly indicating that the McCartys intend to use Mr. Allen as an expert witness. *See* Exhibit A-3, 141-142. Mr. Allen has not been disclosed as an expert witness and the McCartys have not disclosed a report, opinion, or basis for Mr. Allen's testimony.

SMA argues that the McCartys have failed to meet their burden of proof because they have failed to endorse Clinton Allen, or any expert, as a witness pursuant to F.R.E. 702. SMA contends that in order to prove their allegations against SMA, the McCartys must rely on the testimony of an expert witness with the "technical and specialized knowledge necessary to interpret sampling and other data from the Site" (#29, p.9). The Court agrees. To demonstrate a factual dispute regarding the discharge of contaminants and whether the water constitutes "waters of the United States" the McCartys must present some expert testimony. At the very least the McCartys need to cite to some evidence in the record that supports their assertions. They have not done so here with regard to two crucial elements of their CWA claim.

In deciding a motion for summary judgment, the Court must assess "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Jeffries v. Kansas Dep't of Soc. & Rehab Servs.*, 147 F.3d 1220, 1228 (10th Cir. 1998). The McCartys must raise more than a "scintilla" of evidence to create a factual dispute. *See Simms v. Oklahoma ex rel. Dept of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1326 (10th Cir. 1999). In its guidelines the Court makes the importance of expert witness disclosures clear. By failing to do so, the McCartys are deprived of any factual evidence on their CWA claim. Therefore, the Defendant's Summary Judgment Motion is GRANTED as to Claim I.

Counts V & VI:  Common Law Tort Claims

In counts V and VI, the McCartys bring claims against SMA for trespass and nuisance. Complaint, #23, p. 13-15. The McCartys allege that SMA did not have their permission to intrude upon their property, and any permission that was obtained was done so through misrepresentations and concealment of material facts and information. To make out their

nuisance claim, the McCartys allege that SMA's invasion of their property was "intentional, negligent, or reckless, and unreasonably dangerous." *Id.* at 14.

SMA contends that the McCartys trespass and nuisance claims are premised on the alleged professional negligence of SMA and its employees. Therefore, the McCartys claims are barred by C.R.S. §13-20-602, because the McCartys failed to file a certificate of review within 60 days, as is required by the statute. The statute requires that "in every action for damages or indemnity based upon the alleged professional negligence of…a licensed professional, the plaintiff's or complainant's attorney shall file with the court a certificate of review for each licensed professional named as a party." C.R.S. §13-20-601(1)(a).

In response, the McCartys argue that defendant is not an "individual" for purposes of the statute, nor is Reid Allan, a geologist, required to be licensed under Colorado law. Further, the McCartys claims for trespass and nuisance are not negligence claims and thus do not fall under the statute. Finally, the McCartys contend that even if the statute applies, SMA has waived the defense by failing to assert it earlier.

The plain language of the statute states that it applies to qualifying actions against companies, not just individuals: "a certificate of review shall be filed with respect to every action described in paragraph (a) of this subsection (1) *against a company or firm* that employed a person specified in such paragraph (a) at the time of the alleged negligence, even if such person is not named as a party in such action." C.R.S. §13-20-602(b) (emphasis added).

SMA admits that geologists are not required to be licensed under Colorado law. However, SMA contends that the operative language of C.R.S. §13-20-603 does not restrict application of the statute to professionals who are licensed by the state. Although geologists are not enumerated in Title 12 of the Colorado Statutes, SMA states that Reid Allan is a licensed

7

professional geologist. Further, the McCartys themselves state that they relied on SMA's representation that they were "licensed engineers." Complaint, #23, General Allegations ¶5.

The law addressing this statute focuses not on the profession of the person being sued, but on the need for expert testimony to establish the claims. The Colorado Court of Appeals held the claims were properly dismissed for lack of certificate of review "because expert testimony would be required to establish such claims under the facts alleged here." *Baumgarten v. Coppage*, 15 P.3d 304, 306 (Colo. App. 2000). The "dispositive issue, then, is whether expert testimony would be necessary to establish a prima facie case as to these claims." *Id.* at 307. In order for the statute to apply to the McCartys' nuisance and trespass claims expert testimony must be needed for their proof. "The statute applies to all claims 'based upon' alleged professional negligence. It does not apply only to 'negligence claims.'" *Martinez v. Badis*, 842 P.2d 245, 251 (Colo. 1992). The Colorado Supreme Court views this language as "sufficiently broad to include every claim which requires proof of professional negligence as a predicate to recover, whatever the formal designation of the claim might be." *Id.* at 251

### *Nuisance*

The McCartys claim for nuisance must be "predicated upon a substantial invasion of a plaintiff's interest in the use and enjoyment of his property when such invasion is: (1) intentional and unreasonable; (2) unintentional and otherwise actionable under the rules for negligent or reckless conduct; or (3) so abnormal or out of place in its surroundings as to fall within the principle of strict liability." *Public Service Company of Colorado v. Van Wyk*, 27 P.3d 377, 391 (Colo. 2001). In order to prove their nuisance claim, the McCartys would undoubtedly need to present evidence from an expert. An expert witness is needed to testify as to the relevant standard of care and whether SMA's actions were unreasonable, negligent, or reckless. Nuisance

8

is a claim "in which expert testimony is necessary to establish a prima facie case." *Martinez v. Badis*, 842 P.2d 245, 249 (Colo. 1992). Therefore, the McCartys nuisance claim falls within the purview of the statute. As such, the McCartys were required to file a certificate of review within sixty days of filing the complaint. They have not done so, and the "failure to file a certificate of review in accordance with this section shall result in the dismissal of the complaint, counterclaim, or cross claim." C.R.S. §13-20-602 (5).[1]

*Trespass*

To support a claim of trespass, the McCartys must show that there was a physical intrusion upon their property without the proper permission from the person legally entitled to possession of that real estate. *Public Service Company of Colorado*, 27 P.3d at 389. In support of their trespass claim the McCartys allege that SMA misrepresented the purpose of their probes and concealed information about toxic substances spilled on their property. Complaint, #23, General Allegations ¶3, 4. The McCartys contend that SMA "represented they were experts in their field, were licensed engineers, and…that they would use due care in the operations they requested be carried out." *Id.* at ¶5. In support of their trespass claim, the McCartys allege that SMA did not have proper permission to enter their property, and any permission that was given was obtained through "misrepresentation and concealment of facts and information." Complaint, #23, Count V ¶29. As Judge Miller previously stated, it is "strongly disputed whether SMA obtained permission before conducting its activities on Plaintiffs' land." #48, p. 18. Whether or not SMA received permission from the McCartys to access their land is not a factual dispute that requires expert testimony. The Colorado Supreme Court has held that a "claim of trespass does not require the surface owner to present evidence of an applicable standard of care…[h]ence, expert testimony is not necessary to the establishment of a prima facie case." *Gerrity Oil & Gas*

---

[1] The Court finds that SMA has not waived its defense.

*Corp. v. Magness*, 946 P.2d 913, 933 (Colo. 1997).  Therefore, the McCartys trespass claim does not fall within the purview of the statute, and it is not barred.

Therefore, SMA's Summary Motion is GRANTED as to Count VI and DENIED as to Count V.

**Order**

Defendant's Motion for Summary Judgment (#49) is GRANTED in part and DENIED in part.  Defendant's Motion is GRANTED as to Count I and VI.  The Motion is DENIED as to Count V.

DATED this 25th day of January, 2012.

BY THE COURT:

*[signature: Brooke Jackson]*

_____
R. Brooke Jackson
United States District Judge