IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 10-cv-208-RBJ-KLM

COLORADO TRUST FOR PROTECTION & BENEFITS,
RAYMOND McCARTY,
SANDRA McCARTY

      Plaintiffs,

v.

SOUDER, MILLER & ASSOCIATES, INC.,
a New Mexico corporation,

      Defendant.

---

## ORDER on POST-TRIAL MATTERS

---

This order addresses the parties' respective post-trial filings concerning costs and attorney's fees.

**Defendant's Motion for Costs Pursuant to Fed. R. Civ. P. 68 [docket #94]**

Defendant submits a copy of an Offer of Judgment made to the plaintiffs on February 17, 2012 in the amount of $20,000.00. The offer was not accepted. The case was tried to a jury on March 5 and 6, 2012, resulting in a verdict in favor of plaintiffs in the amount of $1.00. Defendant argues that it is entitled to an award of its costs incurred after February 17, 2012 pursuant to Rule 68(d). Plaintiffs respond that the Offer of Judgment was defective because it did not include the phrase, "with the costs then accrued," and the costs then accrued by the plaintiffs exceeded the $20,000 offer.

Rule 68 provides in pertinent part:

    (a) **Making an Offer; Judgment on an Accepted Offer**. At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

**(d) Paying Costs After an Unaccepted Offer**. If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

On February 17, 2012, which was more than 14 days before trial, Souder Miller through counsel tendered to the plaintiff an Offer of Judgment as follows:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendant Souder, Miller & Associates, Inc. hereby offers to allow Judgment to be entered against it in this action in the amount of $20,000 covering all of Plaintiffs' claims for relief. This offer of judgment is made for the purposes specified in Federal Rule of Civil Procedure 68, a copy is attached, and is not to be construed as either an admission that Defendant is liable in this action, or that the Plaintiffs have suffered any damage. This Offer of Judgment shall not be filed with the Court unless (a) accepted or (b) in a proceeding to determine costs.

The Court finds that the Offer of Judgment is ambiguous and construed the ambiguity against the offeror. It is unclear whether the offer was intended to be $20,000 total, including whatever recoverable costs had been incurred by the plaintiffs as of the date of the offer, or $20,000 plus whatever recoverable costs had been incurred by the plaintiffs by that date.

Plaintiff, at least now, appears to construe the offer to include costs, i.e., they would receive only $20,000 regardless of the amount of costs they incurred (which, as discussed below, were substantially less than $20,000 when the cost recovery rules are applied). The Court construes the offer to mean $20,000 plus costs. Regardless, plaintiff did not accept the offer.

Plaintiff also argues that the offer was contingent on a number of terms not expressed in the offer. *See* attachments 1 and 2 to plaintiffs' response. [##101-1 and 101-2]. I do not agree. Although the two proposed settlement agreements may well have been submitted during settlement negotiations between the parties, the Offer of Judgment speaks for itself and is not conditioned upon any extrinsic term or condition. Had plaintiffs accepted the offer, this Court would have entered judgment for the plaintiffs in the amount of $20,000 plus costs (determined below to be $4,439.88) with no other conditions.

In sum, the Court agrees that defendant is entitled to an award of costs incurred after February 17, 2012. Therefore, motion #94 is GRANTED. At the end of the motion defendant asked the Court to set a deadline for the submission of a bill of costs. However, defendant then proceeded to submit its bill of costs [#98], thus mooting the request.

**Plaintiffs' Bill of Costs [##95, 99, 103]**

Plaintiffs prevailed at trial in the sense that they obtained a jury verdict on their trespass claim of $1.00. They submitted a bill of costs in the amount of $12,419.74 on March 18, 2012 [#95]; then replaced it with a corrected bill of costs in the amount of $14,739.74 on March 21, 2012 [#99]; then replaced that with a second corrected bill of costs in the amount of $14,127.63 on April 9, 2012 [#103]. Defendant has filed objections to each iteration of plaintiff's bill of costs. The Court addresses the second corrected bill of costs, which I assume is the version on which plaintiffs stand. The Court awards costs to the plaintiffs as follows:

| Item | Amount Claimed | Amount Awarded | Explanation |
|---|---|---|---|
| Fees of Clerk | $350.00 | $350.00 | 28 U.S.C. § 1914(a) |
| Transcripts | $1,289.64 | $1,289.64 | footnote 1[1] |
| Printing | $576.77 | $26.00 | footnote 2[2] |
| Witnesses | $7,763.42 | $2,774.24 | footnote 3[3] |
| Exemplification | $4,147.33 | $0.00 | footnote 4[4] |

Based upon the foregoing figures and findings, the Court awards costs to the plaintiffs and against the defendant in the sum of $4,439.88.

**Defendant's Bill of Costs [#98]**

As indicated above, defendant is entitled to an award of costs incurred after February 17, 2012, because plaintiffs did not obtain a judgment more favorable than the offer of judgment that was made to them on that date but not accepted. Fed. R. Civ. P. 68(d). Defendant has submitted

---

[1] These costs were incurred to obtain copies of depositions taken by defense counsel who obviously determined that the depositions were necessarily taken. Because plaintiffs could not have predicted how the depositions might be used at trial, it was reasonable for them to obtain a copy of the transcript. The Court therefore finds that the copies were necessarily obtained for use in the case. 28 U.S.C. § 1920(2). *Cf. Furr v. AT&T Technologies, Inc.,* 824 F.2d 1537, 1550 (10th Cir. 1987).

[2] The amount requested is supported by a printer's invoice for $488.44 for "copies;" an Office Max invoice for $62.33 mostly for tab dividers; and a Montezuma County Clerk and Recorder charge of $26.00 for "recording of QCD." Plaintiffs have not indicated how the copies or tab dividers were used. Plaintiffs did introduce four exhibits at trial, but they have made no effort to show the copying charges incurred in respect to those exhibits. As defendant noted in its objection, plaintiffs did not provide exhibit notebooks for the court, counsel or the jury. The recording fee was incurred to record a quitclaim deed of the subject property from a trust to the plaintiffs that the Court had indicated was a necessary predicate to their proceeding to trial without counsel.

[3] Plaintiffs are entitled to an attendance fee of $40 per day for their four live witnesses (two for two days, two for one days), totaling $240.00; $1,542.24 in mileage reimbursements (using defendant's mileage of 378 miles from Cortez to Denver as the only figure provided, four round trips at $0.51 per mile); and subsistence fees of $496 for each plaintiff (again using defendant's figures, as plaintiffs did not provide an alternative). *See* 28 U.S.C. §1821. Plaintiffs are not entitled to recover the travel and lodging expenses billed by their witnesses or Mr. Allen's expert fees or costs. He was not endorsed as an expert witness and was not permitted to testify as an expert witness. Ex

[4] This charge is documented on an invoice from plaintiffs' former attorney, James Preston of Preston & Associates, for "Total Database Management." Plaintiffs provide no explanation (and perhaps could not) for what that charge was for, why it was necessarily and reasonably incurred, or how it contributed to the plaintiffs' prosecution of the one claim that survived summary judgment and was tried. The Court cannot find from the record presented any basis to award this cost or any portion of it.

a bill of costs setting forth its requests for the costs it claims under Rule 68. [#98]. Plaintiffs have not submitted an objection to defendant's bill of costs.

| Item | Amount Claimed | Amount Awarded | Explanation |
| --- | --- | --- | --- |
| Printing | $969.05 | $969.05 | Footnote 5[5] |
| Witnesses | $2,353.93 | $2,353.93 | Footnote 6[6] |
| Depositions | $2,820.04 | $0.00 | Footnote 7[7] |
| Deposition charge | $1,080.00 | $0.00 | Footnote 8[8] |
| Service | $145.00 | $145.00 | Footnote 9[9] |

Based upon the foregoing figures and explanations, the Court awards defendant costs in the amount of $3,467.98. I note that when this amount is offset against the costs owed to the plaintiffs, the net amount owed by the defendant to the plaintiffs for costs totals $971.90.

**Defendant's Motion for Attorney's Fees and Costs under 33 U.S.C. § 1365(d).**

In their Amended Complaint plaintiffs asserted seven counts, described as follows: (1) violations of the Clean Water Act; (2) breach of contract; (3) breach of the covenant of good faith and fair dealing; (4) anticipatory repudiation of contract; (5) trespass; (6) nuisance; and (7) negligence and strict liability. The Court, by Judge Miller, dismissed counts two, three, four and seven. [#48]. I granted summary judgment dismissing counts one and six. [#74]. That left only

---

[5] Counsel represents that this was the cost defendant incurred in obtaining copies of actual trial exhibits. The Court has no basis to dispute that representation. The costs are permitted by 28 U.S.C. § 1920(4) and Rule 68(d).
[6] Defendant has submitted the $40 per day attendance fee for each trial witness and mileage at $0.51 per mile. I note that defendant requests mileage only for a one-way trip for each witness. The Court awarded plaintiff roundtrip mileage costs for witnesses. The Court did so because (1) neither party submitted evidence of the table of distances of the Administrator of General Services, per 28 U.S.C. § 1821(c)(2); (2) common carrier travel costs are expressly "to and from" the court, per 28 U.S.C. § (c)(1); (3) neither party preserved any statutory or case authority that mileage reimbursement for private transportation is limited to one-way travel; and (4) it makes no sense to provide mileage to a witness for one way travel only. Nevertheless, because defendant did not request roundtrip mileage reimbursement, the Court does not award it.
[7] These deposition costs pre-dated February 17, 2012.
[8] Assuming that this bill was submitted to the defendant, which the invoice does not indicate, it is for services rendered before February 17, 2012.
[9] Although no authority was cited, this is a routine, necessary and reasonable cost incurred in serving a trial subpoena on a State of Colorado employee who testified at trial.

count seven, alleging trespass, for trial. As indicated above, the jury found in favor of the plaintiffs on the trespass claim but awarded only $1.00 in damages.

The citizen suit section of the Clean Water Act provides authorizes the Court in its discretion "to award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party whenever the court determines such award is appropriate." 33 U.S.C. § 1365(d). The statute does not distinguish between plaintiffs and defendants.

However, some courts have held that, for public policy reasons, a prevailing defendant must show that the claim was "frivolous, unreasonable, or without foundation" when the claim was filed or that the plaintiff continued to litigate it after it "clearly became so." *See, e.g., Sierra Club v. Cripple Creek and Victor Gold Mining Co.,* 509 F. Supp. 2d 943, 950 (D. Colo. 2006). One justification for this application of the statute has been that a citizen plaintiff under the Clean Water Act seeks no monetary relief for himself but only acts to protect the public interest. *Ibid.* This interpretation of the statute is not compelled or even suggested by the statute's language, but the statute provides ample authority to trial courts to award fees and costs to the prevailing party as the courts determine is appropriate. The Court finds that certain factors in the history of this case are relevant to its exercise of discretion:

- In plaintiff's original complaint and amended complaint, plaintiff did not expressly seek an award of money damages under the Clean Water Act. Perhaps for that reason, defendant's motion to dismiss the Clean Water Act claim [#24] and supporting brief [#25] did not argue that the Act does not support a damages claim. The Court denied the motion to dismiss the claim.

- However, in defendant's motion for summary judgment [#49], defendants argued, among other things, that the Clean Water Act claim should be dismissed because plaintiffs had not properly endorsed their expert Clinton Allen and could not prove their claim without expert testimony.
- Plaintiffs provided no meaningful response to that argument in their response. [#56]. Rather, the response consisted primarily of what appears to be the opinions of plaintiffs' then counsel about the significance of certain photographs and other evidence, plus some references to testimony given by plaintiff's "expert" Clinton P. Allen whom plaintiffs never endorsed as an expert witness.
- However, they did not withdraw their Clean Water Act claim, either when the deadline for endorsing experts passed. Therefore, the defendant incurred the cost of preparing and filing a motion for summary judgment, which the Court granted.

Whether plaintiffs had a meritorious claim under the Clean Water Act for equitable relief of some kind (but not money damages) was never determined. They had enough to survive a Rule 12(b)(6) motion. However, it had to be apparent to any competent lawyer that the Clean Water Act claim asserted by the plaintiffs could not be established without competent expert testimony. The rule requiring disclosure of expert testimony, including the provision of a written report by a retained or specially employed expert speaks for itself.

I am not in a position necessarily to fault the plaintiffs themselves. They are not lawyers, and they may well have relied on their then lawyer to comply with the rules. However, that provides small comfort to the defendant which incurred the cost of a summary judgment motion that should not have been necessary.

The deadline for designating experts and providing all information specified in Rule 26(a)(2) was set by a magistrate judge, with counsel's participation at May 2, 2011 (rebuttal experts June 1, 2011). Scheduling Order [#16]. Although a Trial Preparation Conference Order issued by Judge Blackburn on August 10, 2011 discussed the proper format for expert reports (essentially by repeating the requirements of Rule 26(a)(2)(B)), the deadline for disclosing expert testimony was not extended. The Final Pretrial Order issued by a magistrate judge on December 1, 2001 did not indicate that plaintiff had any expert witnesses, although it did indicate that plaintiff may call Mr. Allen as a rebuttal expert witness. [#68].

The Court finds that it should not have been necessary for the defendant to file a motion for summary judgment with respect to the Clean Water Act claim. Even after that motion was filed, raising the expert testimony issue and several other arguments, plaintiffs persisted in maintaining their Clean Water Act claim. Therefore, defendant filed a reply to the response. That too should not have been necessary. The Court finds and concludes that it is appropriate within the meaning of 33 U.S.C. § 1365(d) to award costs including reasonable attorney's fees to the defendant in respect to the preparation of the portions of the motion for summary judgment and reply limited to the Clean Water Act issue.

Therefore, motion #97 is GRANTED. Defendant may submit its bill of costs for out of pocket costs and attorney's fees as so limited. The Court requests and expects that these requests be carefully and conservatively limited to the costs and fees that would not have been incurred in prosecuting the motion for summary judgment if the Clean Water Act claim had been voluntarily dismissed after the expert disclosure deadline passed without a proper disclosure of expert testimony. If there is any duplication of costs awarded pursuant to Rule 68(d), it should of course be eliminated. The Court directs defense counsel to attempt to confer with the plaintiffs

and to reach agreement on the amount of the fees and costs requested. If agreement cannot be reached, then defendant my submit its bill of costs and set a hearing concerning the necessity and reasonableness of the fees and costs requested.

**Order**

1. Motion #94 is GRANTED.

2. The Court awards costs to the plaintiffs of $4.439.88 on their final bill of costs [#103].

3. The Court awards costs to the defendant of $3,467.98 on its bill of costs [#98].

4. Motion #97 is GRANTED.

DATED this 12th day of April, 2012.

BY THE COURT:

*(signature)*

_____

R. Brooke Jackson
United States District Judge